IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00020 (WLS-TQL-1) |
| | : |
| CHRISTOPHER MAYO, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

    Before the Court is a "Joint Motion for Continuance and Request for Hearing" filed by the Parties in the above-styled action on September 20, 2021. (Doc. 34.) Therein, the Parties requests that the Court continue this case to next available trial term and for the Court to schedule a hearing on Defendant Mayo's pending Motion to Suppress (Doc. 32) in the month of October. (*Id.*) In support of the request to continue this case, the Parties assert that counsel for the Defendant needs additional time to confer with Defendant Mayo on the charges and the tendered discovery, to prepare and present oral argument on the pending motion to suppress, and to provide effective assistance of counsel. (*Id.*) The Parties also note for the Court that Defendant Mayo is currently housed in a facility that is on lockdown due to the COVID-19 pandemic, making communication with counsel challenging. (*Id.*)

    The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Joint Motion for a Continuance and Request for Hearing (Doc. 34) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny Defendant necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the February 2022 trial term in Valdosta, Georgia, which begins February 7, 2021, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the February 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). A hearing on Defendant's pending Motion to Suppress (Doc. 32) shall be scheduled and will be noticed by separate order of the Court.

**SO ORDERED**, this 22nd day of September 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**