## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :
                                   :          Case No.: 7:21-cr-20 (WLS-TQL)
CHRISTOPHER MAYO,                  :
                                   :
          Defendant.               :
_____:

## ORDER

Before the Court is an "Unopposed Motion to Continue" filed by the Government in the above-styled action on May 13, 2022. (Doc. 46.) Therein, counsel for the Government requests that this Court continue this case to the next available trial term. (*Id.*) Defendant Mayo was indicted on a one-count indictment on May 12, 2021. (Doc. 1.) He was arraigned before the Honorable Magistrate Judge Thomas Q. Langstaff on June 22, 2021 (Doc. 15.) In support of his request to continue, counsel explains that he is scheduled to attend a week-long trial advocacy training with the United States Department of Justice from August 8, 2022 to August 12, 2022. (Doc. 46.) The current trial term for which this case is scheduled is set to begin that same week. (*Id.*) Moreover, counsel for the Government notes that he has additional trials scheduled in the Valdosta Division of the Court the remaining weeks in August. (*Id.*) Currently, the Court is reviewing Defendant's pending motion to suppress. (Doc. 32.)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the parties of reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Parties' stated reasons, the Unopposed Motion to Continue (Doc. 46) is **GRANTED**. The Court finds that failure to grant the requested continuance would potentially deny the Government necessary time to prepare for trial. While a crowded docket is not generally a reason to grant a continuance, the Court finds that a continuance on these grounds is permissible based on the Defendant's consent to the continuance and based on the pending status of Defendant's motion to suppress.[1] (Doc. 32.) Because the Court's forthcoming decision on the motion to suppress will most likely alter the Parties' plans for this case's disposition, the Court finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial.[2] 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the August trial term in Valdosta, Georgia, which begins August 8, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

        **SO ORDERED**, this <u>24th</u> day of May 2022.

                        **/s/ W. Louis Sands**
                        **W. LOUIS SANDS, SR. JUDGE**
                        **UNITED STATES DISTRICT COURT**

---

[1] This Order does not present any commentary on the disposition of the pending motion to suppress. The Court is in the process of reviewing said motion and shall issue its decision on the motion by separate Order.
[2] While the Defendant did not request this continuance, he did consent to it, and the Court in turn accepts this as an agreement that additional time is necessary for proper disposition of this case. The Court is aware that the Defendant will make decisions about his defense strategy based on the outcome of the motion to suppress and finds that a continuance shall afford Defendant as well as the Government time to properly review the Court's forthcoming Order and to make reasoned decisions as to the forward progress of this case.