IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:21-cr-20 (WLS-TQL) |
| CHRISTOPHER MAYO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is a "Motion to Continue" filed by the Government in the above-styled action on July 2, 2022. (Doc. 51.) Therein, counsel for the Government requests that this Court continue this case to the next available trial term.[1] (*Id.*) Defendant Mayo was indicted on a one-count indictment on May 12, 2021. (Doc. 1.) He was arraigned before the Honorable Magistrate Judge Thomas Q. Langstaff on June 22, 2021 (Doc. 15.) Currently, this case is scheduled for a pretrial conference on July 6, 2022. (Doc. 50.) In support of his request to continue, counsel for the Government explains that he is scheduled to attend a sentencing hearing in the Macon Division on July 6, 2022 at the same time as the current pretrial conference in this Court, a hearing which will have multiple victims in attendance as well as a witness appearing via video from Uganda. (Doc. 51.) Currently, the Court is reviewing Defendant's pending motion to suppress. (Doc. 32.)

The Speedy Trial Act permits a district court to grant a continuance of the trial so

---

[1] Counsel states that the Government requests a continuance "from the upcoming trial term until the Court's August 22, 2022 trial term." (Doc. 51 at 2.) The Court notes that this case is currently scheduled for the August 2022 trial term. A continuance will be granted to the next available trial term, which is November 2022. There is no "August 22, 2022 trial term." The August trial term begins on August 8, 2022. The actual date of any trial is set at the pretrial conference or by notice from the Court thereafter. If counsel seeks to have the trial at a specific point during the trial term, then he is instructed to request as such during the case's pretrial conference. However, due to this continuance, the pretrial conference will now occur prior to the November 2022 trial term and shall be set by separate order.

1

long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the parties of reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Parties' stated reasons, and the findings stated herein, the Government's Motion to Continue (Doc. 51) is **GRANTED**. The Court finds that failure to grant the requested continuance would potentially deny the Government necessary time to prepare for trial. While a crowded docket or scheduling issue is not generally a reason to grant a continuance, the Court finds that a continuance on these grounds is permissible based on the Defendant's consent to the continuance and based on the pending status of Defendant's motion to suppress.[2] (Doc. 32.) Because the Court's forthcoming decision on the motion to suppress may alter the Parties' plans for this case's disposition, the Court finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial.[3] 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the November trial term in Valdosta, Georgia, which begins November 7, 2022, unless

---

[2] This Order does not present any commentary on the disposition of the pending motion to suppress. The Court is in the process of reviewing said motion and shall issue its decision on the motion by separate Order.
[3] While the Defendant did not request this continuance, he did consent to it, and the Court in turn accepts this as an agreement that additional time is necessary for proper disposition of this case. The Court is aware that the Defendant will make decisions about his defense strategy based on the outcome of the motion to suppress and finds that a continuance shall afford Defendant as well as the Government time to properly review the Court's forthcoming Order and to make reasoned decisions as to the forward progress of this case.

otherwise ordered by the Court.[4] The Court further **ORDERS** that the time from the date of this Order to the conclusion of the November 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

    **SO ORDERED**, this 6th day of July 2022.

                                                  /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[4] The Court has noticed that Counsel for the Government has misstated and confused trial term dates and scheduled hearing dates in this motion as well as in previous items on the docket. The Court notes for the record that the Court's trial terms are periods that the Court schedules trials and executes trials based on a particular case's dates and the Speedy Trial Act. Thus, if a case is scheduled for the "November 2022 trial term" the parties are on notice that the Court shall try the case at issue during the three (3) week time period set aside for the month of November 2022. All other proceedings for said case are held on the dates leading up to the trial term and date. Regardless of the date of any hearing or pre-trial proceeding, the case's trial term remains the same. If counsel is merely attempting to reschedule the pretrial conference, such should be made clear on the record. The Court has the ability to alter the pretrial conference date.