**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:21-CR-20 (WLS-TQL-1) |
| CHRISTOPHER MAYO, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Through counsel, Defendant Mayo has a filed a Motion to Withdraw Plea of Guilty on December 30, 2022. (Doc. 63). That same day, a sealed letter from Defendant to the Court, which was dated December 22, 2022, was also entered on the Docket. (Doc. 64).

In the Motion to Withdraw Plea of Guilty, Defense Counsel explains that he received a letter from the Defendant on December 9, 2022. (Doc. 63, at 2). In that letter, Defendant indicated to Defense Counsel that he wanted to withdraw his plea of guilty based on documentation or discovery that Defendant received from his state public defender. (*Id.*) On December 20, 2022, Defense Counsel met with Defendant to discuss the draft Presentence Investigation Report that was filed on December 15, 2022, and to discuss the Defendant's decision to withdraw the plea. (*Id.*)

Defense Counsel further states that he has no knowledge of how the discovery that Defendant received from the state public defender differs from the instant case. (*Id.*) Moreover, Defendant did not show or share the discovery that he received from state counsel with the Defense Counsel. (*Id.*) Defense Counsel also notes that he received a letter, dated December 22, 2022, from the Defendant. (*Id.* 2–3).

In a sealed letter, dated December 22, 2022, (Doc. 64), Defendant requests the Court to withdraw his guilty plea and to appoint him a new attorney while indicating his dissatisfaction with his current Defense Counsel. (*Id.*)

Previously, on May 12, 2021, Defendant Mayo was charged in a one-count Indictment, which charged Defendant with Possession of Methamphetamine with Intent to Distribute.

(Doc. 1). He was arraigned before the United States Magistrate Judge Thomas Q. Langstaff on June 22, 2021. (*See* Docket). Notice of attorney appearance by a federal defender for Defendant was entered that same day. But a few days later, a Motion to Withdraw the Federal Defender as Counsel (Doc. 25) was entered because a review of discovery material from the Government in a different case indicated a "fatal conflict of interest" for the Federal Defenders for the Middle District of Georgia. (*Id.* at 1).

Thereafter, the Court granted the Motion to Withdraw as Attorney (Doc. 25), and the current Defense Counsel was appointed to represent Defendant. (Doc. 31). Later, Defendant submitted a motion to suppress (Doc. 32) on September 6, 2021, and a hearing on the motion was held on October 27, 2021 (Doc. 37). The motion to suppress was ultimately denied. (Doc. 53).

Subsequently, a change of plea hearing took place on October 13, 2022. (Doc. 55, *text only*). At the hearing, the Court inquired into Defendant's competence and voluntariness to change his plea. (*Id.*) The Court also reviewed with Defendant his constitutional rights as well as the waivers of rights to appeal. (*Id.*) The Court confirmed that Defendant understood the Superseding information. (*Id.*) The Court also explained the essential elements of the charge against Defendant. (*Id.*)  Thereafter, the Court inquired into Defendant's understanding of the plea agreement, and the Court advised Defendant of the maximum penalty. (*Id.*) The plea agreement, waiver of indictment, Superseding information, and change of plea were signed by Defendant and filed with the Clerk. (*Id.*) Defendant also confirmed his satisfaction with his Counsel and was directed to cooperate with Probation in the preparation of the presentence investigation. (*Id.*) He was then remanded to the custody of the United States Marshals. (*Id.*)

A draft presentence investigation report (Doc. 61) was filed on December 15, 2022, and Defendant's objection (Doc. 62) to the report was filed a few days later. Soon after, Defense Counsel, on behalf of Defendant, filed the instant Motion to Withdraw Plea of Guilty (Doc. 53) on December 30, 2022. And that same day, a sealed letter from the Defendant to the Court was also filed. (Doc. 64).

Before ruling on the instant Motion to Withdraw Plea of Guilty (Doc. 53), the Court finds that two hearings are necessary—a hearing on the attorney representation and a hearing on Defendant's motion to withdraw his plea. Therefore, two hearings shall be scheduled and

will be noticed by a separate Order of the Court. Accordingly, the sentencing hearing set for January 19, 2023, in the Albany Courthouse is **CANCELED** and, if necessary, will be set for another date by a separate Order.

        **SO ORDERED**, this __4th__ day of January 2023.

                    **/s/ W. Louis Sands**
                    **W. LOUIS SANDS, SR. JUDGE**
                    **UNITED STATES DISTRICT COURT**