IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:21-CR-20 (WLS-TQL-1) |
| CHRISTOPHER MAYO, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Pursuant to this Court's Order (Doc. 65), the Court held a hearing on Defense Counsel's representation of Defendant Mayo on Thursday, January 19, 2023. Defendant Mayo, Defense Counsel, and the Government attended the hearing.

Previously, on December 30, 2022, Defendant's Counsel filed a Motion to Withdraw Plea of Guilty. (Doc. 63). Therein, Defense Counsel explained that he received a letter from Defendant, which indicated that Defendant wanted to withdraw his plea of guilty based on some documentation or discovery that he received from his state public defender. (*Id.* at 2).

Later, that same day on December 30th, Defendant's sealed letter to the Court was also filed. (Doc. 64). Therein, Defendant requested a withdrawal of his plea and a change of attorney. (*Id.*) Defendant explained that he was "never interested in a plea agreement" and was "coerced into taking a plea." (*Id.*) He further stated that he "took bad legal advice" from his current Counsel and that his Counsel led him to "believe that a plea" was the "only option." (*Id.*) Defendant also said he received discovery from his state attorney, which was "nothing" like what his Counsel showed him and that he "never had the chance to see what evidence the Government" had against him. (*Id.*)

The hearing held on January 19, 2023, focused entirely on Defense Counsel's representation of Defendant. The Court conducted an extensive inquiry on Defense Counsel's performance and representation of Defendant. After fully hearing from Defendant, Defense Counsel, and the Government and after reviewing the record, the Court found that Defendant failed to show any failure on the part of Defense Counsel or show

1

that Defense Counsel rendered ineffective assistance. However, both Defendant and Defense Counsel stated that their relationship has been irretrievably broken, and it was clear to the Court that they would not be able to communicate or work together going forward. Thus, based on their broken relationship, the Court **GRANTED** Defendant's request for a change of attorney at the hearing.

Accordingly, United States Magistrate Judge Thomas Q. Langstaff is **DIRECTED** to immediately appoint a new counsel for Defendant Mayo. Present Counsel shall remain as Defendant's Counsel until new counsel has made an entry. Said new counsel shall immediately confer with Defendant in preparation for the scheduled hearing on Defendant's Motion to Withdraw Guilty Plea (Doc. 63) on Wednesday, February 1, 2023, at 2:00 PM.

**SO ORDERED**, this  20th  day of January 2023.

                                         /s/ W. Louis Sands
                                         **W. LOUIS SANDS, SR. JUDGE**
                                         **UNITED STATES DISTRICT COURT**